# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

THEODORE E. KING,

       Plaintiff,

vs.                                               No. CIV 22-0612 JB/LF

CHRISTINE WORMUTH, Secretary, U.S.
Department of the Army, and DEPARTMENT
OF THE ARMY,

       Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed May 24, 2023 (Doc. 19)("PFRD"), which addresses the Defendant's Motion to Dismiss or Transfer Due to Improper Venue and Supporting Memorandum, filed November 10, 2022 (Doc. 10)("Motion to Dismiss or Transfer"). The PFRD notifies Plaintiff Theodore E. King of his ability to file objections to the PFRD within fourteen days of the PFRD's filing, and that failure to do so waives appellate review. See PFRD at 9. To date, King has not filed any objections to the PFRD, and there is nothing in the record indicating that the proposed findings were not delivered. The Court determines that the conclusions of the Honorable Laura Fashing, United States Magistrate Judge for the United States District Court for the District of New Mexico, are not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, and therefore adopts them. Accordingly, the Court grants the Motion to Dismiss or Transfer, and transfers this case to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1406(a).

## PROCEDURAL BACKGROUND

King filed a Complaint for Employment Discrimination, filed August 17, 2022 (Doc. 1)("Complaint"), in which he brings claims under: (i) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-e17; (ii) the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-34; and (iii) the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-17.  See Complaint at 3.  King alleges discriminatory conduct, including retaliation and failure to promote, on the basis of sex or gender, age, and disability or perceived disability.  See Complaint at 4. Wormuth filed the Motion to Dismiss or Transfer on November 10, 2022.  See Motion to Dismiss or Transfer at 1.  The Motion to Dismiss or Transfer alleges that venue is improper in the United States District Court for the District of New Mexico, because the "Plaintiff does not allege that any discriminatory or retaliatory acts occurred in New Mexico; the only apparent connection to New Mexico is Plaintiff's current address."  Motion to Dismiss or Transfer at 1-2.  The Motion to Dismiss or Transfer seeks to dismiss the case or transfer it to the United States District Court for the Western District of Washington.  See Motion to Dismiss or Transfer at 14.  Addressing the Motion to Dismiss or Transfer in the PFRD, Magistrate Judge Fashing recommends that the Court grant the Motion to Dismiss or Transfer, and transfer the case to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. 1406(a).  See PFRD at 8-9.

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDED DISPOSITIONS

District courts may refer dispositive motions to a magistrate judge for a recommended disposition.  See Fed. R. Civ. P. 72(b)(1)("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement.").  Rule 72(b)(2)

of the Federal Rules of Civil Procedure governs objections to a PFRD: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).  Finally, when resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

 28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. 2121 E. 30th St., Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("2121 E. 30th St.")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit notes, "the filing of objections advances the interests that underlie the Magistrate's Act,[1] including judicial efficiency." 2121 E. 30th St., 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir.1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and

---

[1]Congress enacted the Federal Magistrates Act, 28 U.S.C. §§ 631-39, in 1968.

recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." 2121 E. 30th St., 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" 2121 E. 30th St., 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991), and collecting cases). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." 2121 E. 30th St., 73 F.3d at 1060. In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit states that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[2]

---

[2]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court finds that Pevehouse

In 2121 E. 30th St., the Tenth Circuit, in accord with other Courts of Appeals, expands the

waiver rule to cover objections that are timely, but too general.  See 73 F.3d at 1060.  The Supreme

Court of the United States of America -- in the course of approving the United States Court of

Appeals for the Sixth Circuit's use of the waiver rule -- notes:

> It does not appear that Congress intended to require district court review of
> a magistrate's factual or legal conclusions, under a de novo or any other standard,
> when neither party objects to those findings.  The House and Senate Reports
> accompanying the 1976 amendments do not expressly consider what sort of review
> the district court should perform when no party objects to the magistrate's report.
> See S. Rep. No. 94-625, pp. 9-10 (1976)(hereinafter Senate Report); H.R. Rep. No.
> 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereinafter
> House Report).  There is nothing in those Reports, however, that demonstrates an
> intent to require the district court to give any more consideration to the magistrate's
> report than the court considers appropriate.  Moreover, the Subcommittee that
> drafted and held hearings on the 1976 amendments had before it the guidelines of
> the Administrative Office of the United States Courts concerning the efficient use
> of magistrates.  Those guidelines recommended to the district courts that "[w]here
> a magistrate makes a finding or ruling on a motion or an issue, his determination
> should become that of the district court, unless specific objection is filed within a
> reasonable time."  See Jurisdiction of United States Magistrates, Hearings on S.
> 1283 before the Subcommittee on Improvements in Judicial Machinery of the
> Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis
> added)(hereinafter Senate Hearings).  The Committee also heard Judge Metzner of
> the Southern District of New York, the chairman of a Judicial Conference
> Committee on the administration of the magistrate system, testify that he personally
> followed that practice.  See id., at 11 ("If any objections come in, . . . I review [the
> record] and decide it.  If no objections come in, I merely sign the magistrate's
> order.").  The Judicial Conference of the United States, which supported the de
> novo standard of review eventually incorporated in § 636(b)(1)(C), opined that in
> most instances no party would object to the magistrate's recommendation, and the
> litigation would terminate with the judge's adoption of the magistrate's report.  See
> Senate Hearings, at 35, 37.  Congress apparently assumed, therefore, that any party
> who was dissatisfied for any reason with the magistrate's report would file
> objections, and those objections would trigger district court review.  There is no
> indication that Congress, in enacting § 636(b)(1)(C)), intended to require a district
> judge to review a magistrate's report to which no objections are filed.  It did not

---

v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its
disposition of this Memorandum Opinion and Order Adopting the Magistrate Judge's Proposed
Findings and Recommended Disposition.

preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort.  We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (footnotes omitted).

The Tenth Circuit also notes, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'"  2121 E. 30th St., 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d at 659 ("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")(citations omitted).  Cf. Thomas v. Arn, 474 U.S. at 154 ("Any party that desires plenary consideration by the Article III judge of any issue need only ask.  [A failure to object] does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.").  In 2121 E. 30th St., the Tenth Circuit notes that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit determines that it would deem the issues waived on appeal, because it would advance the interests underlying the waiver rule.  See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to a magistrate judge's PFRD, "on . . . dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980).  The Tenth Circuit has stated that a de novo determination pursuant to 28 U.S.C. § 636(b) "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation."  In re Griego,

64 F.3d 580, 583-84 (10th Cir. 1995).  The Supreme Court has noted that, although a district court must make a de novo determination of the objections to a PFRD under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on a magistrate judge's PFRD.  See United States v. Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")(citing Mathews v. Weber, 423 U.S. 261, 275 (1976)); Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla., 8 F.3d 722, 724-25 (10th  Cir. 1993)(holding that the district court's adoption of the magistrate judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may *accept*, reject, or modify, *in whole or in part*, the findings or recommendations made by the magistrate . . . . [, as] '"Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations"'" (quoting 28 U.S.C. § 636(b)(1)(emphasis in Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla., but not 28 U.S.C. § 636(b)(1); Andrews v. Deland, 943 F.2d 1162, 1170 (10th Cir. 1991)(quoting United States v. Raddatz, 447 U.S. at 676))).

Where no party objects to a magistrate judge's PFRD, the Court has, as a matter of course in the past and in the interests of justice, reviewed the magistrate judge's recommendations.  For example, in Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401 (D.N.M. December 28, 2012)(Browning, J.), although the Court acknowledged that, by not timely objecting to the PFRD, the plaintiff waived his right to object to it, the Court nevertheless reviewed the PFRD.  2012 WL 6846401, at *3 (citing 2121 E. 30th St., 73 F.3d at 1059 (holding that "the failure to make timely objections to the magistrate's findings or recommendations waives appellate

review of both factual and legal questions"). The Court generally does not, however, review the

magistrate judge's PFRD de novo, and determine independently necessarily what it would do if

the issues had come before the Court first, but rather adopts the PFRD where "[t]he Court cannot

say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, [obviously[3]]

contrary to law, or an abuse of discretion." Workheiser v. City of Clovis, 2012 WL 6846401, at

*3.  This review, which is deferential to a magistrate judge's work when there is no objection,

nonetheless provides some review in the interest of justice, and seems more consistent with the

intent of the waiver rule than no review at all or a full-fledged review.  Accordingly, the Court

considers this standard of review appropriate.  See Thomas v. Arn, 474 U.S. at 151 ("There is

---

[3]The Court previously used as the standard for review when a party does not object to the Magistrate Judge's proposed findings and recommended disposition whether the recommendation was "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion," thus omitting "obviously" in front of contrary to law. Solomon v. Holder, CIV 12-1039 JB/LAM, 2013 WL 499300, at *4 (D.N.M. January 31, 2013)(Browning J.)(adopting the recommendation to which there was no objection, stating: "The Court determines that the PFRD is not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, and accordingly adopts the recommendations therein"); O'Neill v. Jaramillo, CIV 11-0858 JB/GBW, 2013 WL 499521 (D.N.M. January 31, 2013)(Browning, J.)("Having reviewed the PRFD under that standard, the Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion. The Court thus adopts Judge Wormuth's PFRD.")(citing Workheiser v. City of Clovis, 2012 WL 6846401, at *3); Galloway v. JP Morgan Chase & Co., CIV 12-0625 JB/RHS, 2013 WL 503744 (D.N.M. January 31, 2013)(Browning, J.)(adopting the Magistrate Judge's recommendations upon determining that they were not "clearly contrary to law, or an abuse of discretion.").  The Court does not believe that "contrary to law" accurately reflects the deferential standard of review that the Court intends to use when there is no objection.  Finding that a magistrate judge's recommendation is contrary to law would require the Court to analyze the magistrate judge's application of law to the facts or the magistrate judge's delineation of the facts -- in other words performing a de novo review, which is required only when a party objects to the recommendations.  The Court believes adding "obviously" better reflects that the Court is not performing a de novo review of the Magistrate Judges' recommendations.  Going forward, therefore, the Court will, as it has done for some time now, review a magistrate judges' recommendations to which there are no objections for whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going to go at the bottom of the order adopting a magistrate judge's PFRD.

## ANALYSIS

The Court carefully has reviewed the PFRD. The Court does not review Magistrate Judge Fashing's PFRD de novo, because the parties have not objected to it, but rather reviews the PFRD to determine if it is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. See Thomas v. Arn, 474 U.S. at 151; Workheiser v. City of Clovis, 2012 WL 6846401, at *3. Having reviewed the PFRD, Court determines that it is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. Accordingly, the Court adopts the PFRD.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed May 24, 2023 (Doc. 19), is adopted; (ii) the Defendant's Motion to Dismiss or Transfer Due to Improper Venue and Supporting Memorandum, filed November 10, 2022 (Doc. 10), is granted; and (iii) this case is transferred to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1406(a).

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Theodore E. King
Alameda, California

   *Plaintiff pro se*

Alexander M.M. Uballez
  United States Attorney
Maria S. Dudley
  Assistant United States Attorney
United States Attorney's Office
District of New Mexico

  *Attorneys for the Defendants*